UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:00-CR-49 |
| | ) | |
| TYSON L. LUNDY, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**OPINION AND ORDER**

On February 25, 2008, the undersigned granted defendant Tyson L. Lundy's ("Lundy's") request for appointment of counsel for the purpose of determining whether a Motion for Reduction pursuant to 18 U.S.C. §3582(c) was appropriate in light of the retroactive amendment to the crack guidelines. On March 14, 2008, appointed counsel for Lundy submitted an Amended Notice to the Court informing the Court that because Lundy was sentenced to a statutorily required mandatory minimum sentence under U.S.S.G. §5G1.1, he is not eligible for a sentencing reduction under the amendment to the crack guidelines and therefore a formal motion under 18 U.S.C. §3582(c)(2) was inappropriate and would not be forthcoming.

On April 14, 2008, the United States Probation Office submitted an "Addendum to the Presentence Report" which further confirms that even with the retroactive amendment Lundy is not eligible for a sentencing reduction under the 2007 crack cocaine guideline amendment because the statutorily required minimum sentence of 120 months is the required sentence by U.S.S.G. §5G1.1(b).

During the time lapse between appointed counsel's filing of the Amended Notice and the probation officer's submission of the Addendum, Lundy filed his own "Motion for Rule 36 Clerical Error" wherein he asserts that he was erroneously sentenced to a ten year mandatory minimum

sentence instead of a five year mandatory minimum sentence. Upon receipt of this filing, the Court ordered, and has now received, responses to this motion from both appointed counsel and the Government. This court's review of the record indicates that there is no clerical error for which Fed.R.Crim.P. 36 would provide a remedy.

Lundy is correct that he was charged in his indictment with a violation of 21 U.S.C. §841(a)(1), distribution of more than 5 grams of cocaine base "crack." Lundy is further correct that his sentence was based upon a finding of 12.85 grams of cocaine base "crack." However, as the Government and appointed counsel note, Lundy had a previous state conviction for felony possession of cocaine. As a result, the Government filed a Notice pursuant to 21 U.S.C. 851(a)(1) that it intended to rely upon this prior conviction to support an enhanced sentence pursuant to 21 U.S.C. §841(b)(1)(B) which provides for a ten year mandatory minimum sentence:

> If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life in imprisonment...

At sentencing, the undersigned sentenced Lundy to the ten year mandatory minimum sentence of 120 months imprisonment. Accordingly, there is no clerical error which is in need of correction and Lundy's motion is DENIED.

This said, the court has reviewed the filings related to whether Lundy is eligible for a sentencing reduction under the crack amendment and has determined based upon those filings that NO FURTHER ACTION shall be taken in this cause. Defense counsel is authorized to file a request for permission to withdraw from the case within fourteen (14) days. The Defendant may respond to the request to withdraw within thirty (30) days and, if the Defendant disagrees with the Notice filed by defense counsel, he shall have thirty (30) days to file a *pro se* motion for reduction of sentence wherein he explains why such a motion is appropriate in his case, contrary to defense

counsel's opinion. The Court will then rule on counsel's request to withdraw and any pro se motion that the Defendant filed.

The Clerk is hereby DIRECTED to serve the Defendant a copy of this Order at his place of incarceration.

SO ORDERED. This 20th day of May, 2008.

s/ William C. Lee
United States District Court